UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RODNEY M. SAMUELSON, <br><br> Petitioner. | 5:22-MC-00025-KES <br><br> ORDER GRANTING PETITIONER'S <br> REQUEST TO TAKE PRE-LITIGATION <br> DEPOSITION |

## INTRODUCTION

This matter is before the court on the petition of Rodney M. Samuelson seeking to depose Cleve Trimble, a resident of South Dakota, prior to a lawsuit being filed pursuant to Fed. R. Civ. P. 27.  See Docket No. 1.  Monument Health, Inc. ("Monument"), an entity incorporated in South Dakota and having its principal place of business here, opposes the request.  Docket No. 3. Monument is Dr. Samuelson's prior employer.  Docket No. 3 at p. 1.  The district court, the Honorable Karen E. Schreier, referred the matter to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Docket No. 4.

## FACTS

On September 21, 2021, Dr. Samuelson filed a charge of discrimination against Monument alleging he was discriminated against in his employment in violation of Title VII of the Civil Rights Act of 1964, the South Dakota Human

Relations Act of 1972 ("SD Act"), and Title I of the Americans with Disabilities Act ("ADA").  Docket No. 1 at p. 2; Docket No. 3 at p. 1.  This charge of discrimination was filed with both the federal Equal Employment Opportunity Commission ("EEOC") and with the South Dakota Division of Human Rights ("SDDHR"), which investigates claims of employment discrimination.  Docket No. 3 at p. 1.  The charge was amended August 10, 2022, to include a claim of retaliation.  Docket No. 8 at p. 2.

Title VII and the South Dakota Human Relations Act are very broad. Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, and national origin.  42 U.S.C. § 2000e-2(a).  The South Dakota Human Relations Act prohibits discrimination in employment on the basis of race, color, creed, religion, sex, ancestry, disability, or national origin.  SDCL § 20-13-10.  Although presumably both parties are familiar with Dr. Samuelson's charge and amended charge, neither party has clarified what, exactly, his discrimination claims are other than the ADA, which by its very nature implicates discrimination on the basis of disability.  Title VII does not cover disability discrimination, so the court is not aware of what Dr. Samuelson's Title VII claim is.

Dr. Samuelson alleges he suffers from a disability, a closed-head injury, and further asserts he requested accommodation of that disability from Monument.  Docket No. 3 at p. 2.  He alleges Monument fired him in retaliation for requesting accommodation for his disability.  <u>Docket No. 8 at p. 2.</u>

Dr. Cleve Trimble is a retired general surgeon who was hired by Monument as an external consultant to provide leadership, professional, and practice management coaching for individual medical care providers, departments, and teams.  Docket No. 3 at p. 1.  In this capacity, Dr. Samuelson and Dr. Trimble met a few times in late 2019 and once early in 2020 as well as an unspecified number of teleconferences in 2020.  Id. at p. 2.  Monument alleges these meetings between Dr. Trimble and Dr. Samuelson had nothing to do with Dr. Samuelson's alleged disability.  Id.  Monument asserts it had no idea Dr. Samuelson suffered from a disability until it received a December 29, 2020, letter from Dr. Samuelson's attorney advising of the same.  Id.  Monument terminated Dr. Samuelson's employment on August 4, 2021.  Id. at p. 3.

Dr. Samuelson asserts that he is "statutorily prohibited from filing his Title VII and ADA complaint" in court at this time.  Docket No. 1 at p. 3, ¶ 12.  He also asserts that Dr. Trimble is in his 80s and "is unhealthy."  Id. at p. 4.  He seeks the court's permission to take Dr. Trimble's deposition prior to his complaint being filed in federal court so as to preserve his testimony "regarding Dr. Samuelson's opinions during review meetings, his temperament, his capabilities, how his disability presents in the workplace, and the reasonable accommodations Dr. Trimble recommended Monument Health to utilize to accommodate" him.  Id. at pp. 2-3 ¶ 11.

Monument disputes all of these allegations.  It asserts Dr. Samuelson could file suit immediately if he so chose by requesting a right-to-sue letter.  It

asserts Dr. Trimble never observed Dr. Samuelson in the performance of his duties and so cannot testify to such.  It further asserts that Dr. Samuelson has not shown Dr. Trimble's testimony is in danger of being lost as he is still performing duties as a consultant and expert.

## DISCUSSION

**A.      Rule 27**

Rule 27 of the Federal Rules of Civil Procedure provides in pertinent part:

> **(1) *Petition.*** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides.  The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.  The petition must . . . show:
>
> > **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> >
> > **(B)** the subject matter of the expected action and the petitioner's interest;
> >
> > **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> >
> > **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> >
> > **(E)** the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).  The court may grant the petition if "satisfied that perpetuating the testimony may prevent a failure or delay of justice."  Fed. R. Civ. P. 27(a)(3).

First, the court notes that Dr. Samuelson's employment discrimination claims contained in his charge of discrimination are matters "cognizable in a United States court" as they are within the court's grant of federal subject matter jurisdiction.  28 U.S.C. § 1331.  The state-law discrimination claims could also be brought in a federal court complaint along with the federal law claims under the court's supplemental jurisdiction.  28 U.S.C. § 1367.

All but one of Monument's objections can be easily dealt with. Monument's assertion that Dr. Trimble does not have knowledge of Dr. Samuelson's disability is a contested issue.  Dr. Samuelson asserts that one of the areas he wishes to depose Dr. Trimble regarding is the subject of what reasonable accommodation(s) Dr. Trimble told Monument it should implement in order to address Dr. Samuelson's disability.  Docket No. 1 at p. 3, ¶ 11.  This description of the subject matter of the deposition is relevant to Dr. Samuelson's claims and sufficiently specific, despite Monument's protestations to the contrary.  Echevarria-Soto v. Edwards Lifesciences Tech. Sarl, LLC, 303 F.R.D. 175, 177 (2014) (reaffirming the granting of a Rule 27 petition where petitioner alleged deponent was a material witness to petitioner's age discrimination claim despite employer's assertion the deponent's testimony was not necessary).  The information is relevant because it may show that there *were* reasonable accommodations that Monument could have made and, depending on when Dr. Trimble recommended accommodations, it may show Monument did in fact have knowledge of Dr. Samuelson's disability prior to December 2020.

Also, Dr. Samuelson is at an advanced age, in his 80s, which Monument does not dispute.  Although none of us know "the day or the hour" when our lives will end, as age advances it becomes statistically more likely to happen sooner rather than later.  Regardless of whether Dr. Trimble has a known illness or not, his testimony is in danger of being lost simply through the passage of time.  This is true even if Dr. Trimble continues to be sharp mentally and sound physically for the present.  Many courts have granted Rule 27 petitions based on the age alone of the deponent for deponents younger than Dr. Trimble.  See Penn Mut. Life Inc. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (noting that deponents at the age of 80 "presents a significant risk that he will be unavailable to testify" later) (citing Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967) (granting a Rule 27 petition for a 71-year-old deponent); De Wagenknecht v. Stinnes, 250 F.2d 414, 417 (D.C. Cir. 1957) (permitting pre-suit deposition of a 74-year-old witness); In re Boland, 79 F.R.D. 665, 667 (D.D.C. 1978) (noting that age of a deponent is relevant to Rule 27 petition but denying petition on other grounds)).

The real crux of the issue raised by Monument is whether Dr. Samuelson could presently file his complaint in a court of law.  Rule 27 requires Dr. Samuelson to show that he "cannot presently bring [an action in court] or cause it to be brought."  Fed. R. Civ. P. 27(a)(1)(A).  Monument asserts that, because Dr. Samuelson's charge of discrimination has been pending for more than 180 days, he has the right to immediately request a right-to-sue letter

6

from the EEOC and, upon receipt of the same, to file his complaint. Docket No. 3 at p. 4 (citing 29 C.F.R. § 1601.28(a)(1)).

Dr. Samuelson argues that merely because he might be permitted to prematurely withdraw his charge of discrimination in favor of filing suit in a court, the laws do not require him to do so. Docket No. 8 at p. 1. Furthermore, he asserts that under South Dakota state law, he is not allowed to withdraw his charge prematurely. Id. at p. 2. But Dr. Samuelson has it backward: the burden is not on Monument to demonstrate that he *must* remove his action from the administrative process. Rather, Rule 27 places the burden on *Dr. Samuelson* to show that he "cannot" now bring suit.

**B.     Is Dr. Samuelson Currently Unable to Bring Suit?**

Title VII (and the ADA) contemplate that remedying employment discrimination would be a cooperative effort between state and federal governments. New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 63-64 (1980) (citing 110 Cong. Rec. 7205 (1964)). Before filing suit in court, both Title VII and ADA claimants must exhaust their administrative remedies. See 42 U.S.C. §§ 2000e-5(b) & (c), and 12117(a); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). This requires the filing of a charge of discrimination. Id.; Carey, 447 U.S. at 64. The claimant can file either with the EEOC or with the South Dakota Division of Human Rights. Id. If the state is a "certified 706 state," and the claimant files first with the EEOC, there will be an automatic deferral from the EEOC to the state human rights agency. 42 U.S.C. § 2000e-5(c) & (d); Carey, 447 U.S. at 64.

7

South Dakota is a 706 certified state as it concerns sex, race, and disability discrimination, but not age discrimination.  (A "certified 706" state must have laws prohibiting the same unlawful employment practice alleged in the charge of discrimination and prohibited by federal law, and also a state agency or local authority authorized to grant or seek relief from such practice or to institute criminal proceedings with respect thereto.  See 42 U.S.C. § 2000e-5(c)).  So, whether a South Dakota claimant files with the EEOC or with the South Dakota Division of Human Rights, the Division will investigate.

When a charge is filed with the EEOC, prior to exhaustion of state or local remedies, the EEOC holds the complaint in "suspended animation." Carey, 447 U.S. at 64.  Upon termination of the state proceedings or expiration of the 60-day deferral period[1], whichever comes first, the EEOC automatically assumes concurrent jurisdiction of the complaint.  Id.  After the passage of 180 days, the EEOC is required to issue a right-to-sue letter upon request by the aggrieved person, regardless of the posture of any state proceedings.  Carey, 447 U.S. at 65, 65 n.5; 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28.

However, Kremer also makes clear that nothing in Title VII requires a claimant to pursue state court review of the agency's determination of no probable cause.  Kremer, 456 U.S. at 469, 470 n.7.  See also Jones v. American State Bank, 857 F.2d 494, 496 n.7 (8th Cir. 1988) (citing Kremer for the

---

[1] The EEOC must wait 60 days after a charge of discrimination is filed to allow the state agency to investigate and attempt to remedy the allegedly unlawful employment practice before the EEOC takes any action.  42 U.S.C. § 2000e-5(d).

proposition that "no provision of Title VII requires claimants to pursue in state court an unfavorable state administrative action."). If the claimant elects *not* to pursue state court review of the agency's decision, and her charge of discrimination had been pending for 180 days or more, she is free to request a right-to-sue letter from the EEOC and, once she has that letter in hand, to file suit in federal court and obtain *de novo* consideration of her claim. Kremer, 456 U.S. at 469, 470 n.7.

There is one wrinkle to this equation. If the state agency acts in its *judicial* capacity, rather than just the *investigative* capacity (the EEOC acts in an investigatory capacity only, it cannot act judicially), and the claimant participates in a judicial action before the agency, the court applies the doctrine of administrative *res judicata* and will not entertain the Title VII action. See Buckhalter v. Pepsi-Cola General Bottlers, Inc., 768 F.2d 842, 854 (7th Cir. 1985). An agency acts in its judicial or "adjudicatory" capacity when it holds a trial-type hearing, makes findings, applies the law, takes testimony, affords both sides the opportunity to rebut the other's evidence, etc. Id. at 850.

There are two stages to the work of the South Dakota Division of Human Rights. First, a complainant initiates the process by filing a charge of discrimination, either with the EEOC, the Division, or both. SDCL § 20-13-29. The Division then investigates the charges. SDCL §§ 20-13-28, 20-13-32.

The parties can submit information to the Division, but there is no trial, no opportunity for rebuttal, no cross-examination, and no right to conduct discovery.  At the end of the investigatory phase, the Division issues a determination of probable cause.  SDCL § 20-13-28.1.

If the Division determines that there is no probable cause, this constitutes final agency action.  Id.  At that point, the claimant has two choices.  The claimant can pursue state circuit court review of the agency's decision under the South Dakota Administrative Procedures Act, SDCL ch. 1-26, or the claimant can request a right-to-sue letter from the EEOC.  See SDCL § 20-13-28.1; Jansen v. Lemmon Federal Credit Union, 562 N.W.2d 122, 123-24 (S.D. 1997) (decision of no probable cause mandates accepting final agency action or appealing to circuit court under the APA); Kremer, 456 U.S. 461, 469, 470 n.7.

If the claimant elects to pursue state circuit court review, the action proceeds as a standard administrative appeal where the standard of review is arbitrary and capricious.  See SDCL ch. 1-26; SDCL § 1-26-36.  Once the claimant elects to pursue the state court appellate review, they are stuck with the result.  The Supreme Court held in Kremer, supra, that 28 U.S.C. § 1738, which requires federal courts to give full faith and credit to state court judgments, precludes de novo review of a Title VII claim in federal court once a state court judgment has been entered affirming the agency's finding of no probable cause.  See Kremer, 456 U.S. at 476, 485.

10

If, after its investigation, the South Dakota Division of Human Rights issues a determination of probable cause, the Division will attempt to conciliate.  See SDCL § 20-13-32.  If conciliation fails, the Division will issue a notice to the respondent/employer that it should file a formal answer to the charge of discrimination.  See SDCL § 20-13-34.  Once the Division's notice to answer goes out to the respondent, both parties have twenty days within which to make an election to remove the action from the Division and proceed in court.  See SDCL § 20-13-35.1.

The South Dakota statutory scheme seems to contemplate that the only place a party may remove an action following the Division's determination of probable cause is South Dakota state circuit court.  See SDCL § 20-13-35 (stating that the notice to respondent to answer the charge shall also inform the parties of their right to remove the matter to circuit court); and § 20-13-35.1 (telling the court what the scope of its remedies are once a matter is removed from the agency).  However, this is contrary to the holding in Carey that a right to sue letter can be requested from the EEOC at any time after the expiration of 180 days from the date the charge was filed, regardless of the procedural posture of the state administrative proceedings.  See Carey, 447 U.S. at 65, n.5, ;  see also 42 U.S.C. § 2000e-5(f)(1) (notice of right to sue can issue after expiration of 180 days after filing of charge); Daines v. City of Mankato, 754 F. Supp. 681, 684 ¶¶ 4-6, 695 ¶ 3 (D. Minn. 1990)

(holding that a plaintiff who had obtained a state agency determination of probable cause and then requested and received a right-to-sue letter from the EEOC had exhausted her administrative remedies).

Once a respondent or charging party files notice of their election, regardless of who made the election, the charging party must file a complaint. If the charging party elects to sue in state court, no further action is required other than the filing of a state court complaint.  A charging party has one year following the filing of the election notice to get their complaint filed and served. See SDCL § 20-13-35.1.

If the charging party chooses to file in federal court after filing the election notice, she must complete the additional step of obtaining a right-to-sue letter from the EEOC before the complaint is filed in federal court.

Under the federal and state schemes, administrative exhaustion is different.  Under the federal scheme, if the charge of discrimination has been pending for 180 days or more, a claimant can request a right-to-sue letter and file their complaint asserting their federal discrimination claims in federal court with no adverse consequences.  In South Dakota, a claimant must wait for the Division of Human Rights to issue a finding of probable cause or a finding of no probable cause before resorting to filing a complaint in court. SDCL § 20-13-35.1.

Here, Dr. Samuelson cannot file his complaint in any court yet if he wishes to include all his claims in one complaint.  On the federal side, although

12

his original charge of discrimination has been pending for 180 days, his amended charge has not been pending for 180 days.  If he sought a right-to-sue letter at this juncture, he would be entitled to a letter enabling him to sue only on the claims contained in his original charge.  He must wait 180 days from the filing of his amended charge of discrimination to bring his retaliation claim in federal court.  Hall v. FlightSafety Internat'l., Inc., 106 F. Supp. 2d 1171, 1181-82 (D. Kan. 2000).  His 180 days on the amended charge will not expire until approximately February 10, 2023.

As to his state claims, Dr. Samuelson must await the Division's determination of probable cause and issuance of a notice to Monument to file an answer before removing his claims from the administrative process.  Alternatively, he must await the Division's determination of no probable cause and then request a right-to-sue letter from the EEOC.  The Division has not yet issued a determination of probable cause.  Docket No. 10.  At present, it would be premature for Dr. Samuelson to withdraw his charge of discrimination from the administrative process and file suit in any court.  He is at this juncture, unable to bring a lawsuit for all the claims that are currently pending administratively.  As such, the court holds he has satisfied Rule 27's requirement of showing his is presently unable to bring suit.  See Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995) (requiring petitioners to complete the administrative process before granting permission for a deposition would render Rule 27 a nullity because, at the conclusion of

13

administrative proceedings, the petitioner would be able to file suit and avail themselves of normal discovery procedures); cf. Application of Carson, 22 F.R.D. 64, 65 (E.D. Ill. 1957) (petition denied where the ill health and advanced age of the deponent was established, but petitioner failed to show he was unable to bring suit presently).

This court is "satisfied that perpetuating the testimony [of Dr. Trimble] may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Accordingly, Dr. Samuelson's petition will be granted.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that Dr. Samuelson's petition to take the deposition of Dr. Cleve Trimble [Docket No. 1] is granted. The deposition shall take place at a time and location mutually agreeable to Dr. Samuelson, Monument and Dr. Trimble. Alternatively, if an agreement cannot be reached, Dr. Samuelson may issue a subpoena to Dr. Trimble with notice to Monument of the date, time and location of the deposition. It is further

ORDERED that the deposition of Dr. Trimble shall be limited to the following subject matter: Dr. Trimble's knowledge of "Dr. Samuelson's opinions during review meetings, his temperament, his capabilities, how his disability presents in the workplace, and the reasonable accommodations Dr. Trimble recommended Monument Health to utilize to accommodate" Dr. Samuelson. See Docket No. 1 at pp. 2-3, ¶ 11. It is further

ORDERED that the deposition of Dr. Trimble shall not exceed eight hours and the form, method and procedure used for the deposition shall be governed by Fed. R. Civ. P. 30.

DATED this 18th day of November, 2022.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge